UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMOND PERRY,

        Plaintiff,

v.

UNKNOWN CURTIS, *et al.*,

        Defendants.

_____/

Case No. 1:22-cv-729

Hon. JANE M. BECKERING

**REPORT AND RECOMMENDATION**

        This is a *pro se* civil rights action brought by Jermond Perry ("Perry"), a prisoner in the custody of the Michigan Department of Corrections (MDOC), pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. (RLUIPA).  Perry has sued Chaplain Curtis, Food Service Director ("FSD") Ward, food service employee[1] Welty, and MDOC Special Activities Director Adrian Dirschell for incidents which occurred at the Muskegon Correctional Facility (MCF) in 2022.  Perry has sued all defendants in both their personal and official capacities.  This matter is now before the Court on defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 17) and Perry's motion for leave to file an amended complaint (ECF No. 28).

        **I.**      **Background**

        Perry alleged that he is an adherent of the "Melanic Islamic Faith".  Compl. (ECF No. 1, PageID.5).  By way of background, a Michigan prisoner named Fa'Dee Mulazim created a religion known as the "Islamic Palace of the Rising Sun".  *See Mulazim v. Michigan Department*

---

[1] Perry refers to Welty as "MCF Food Service E9".

1

*of Corrections*, 28 Fed. Appx. 470, 470-471 (6th Cir. 2002).  "[The] MDOC recognized Melanic

Islamic Palace of the Rising Sun ('Melanic') as an official religion in 1983 pursuant to a consent

decree."  *Johnson v. Martin*, 223 F. Supp. 2d 820, 823 (W.D. Mich. 2002).

"In 1997, the MDOC moved the district court to terminate the 1983 consent

judgment pursuant to the Prison Litigation Reform Act, 18 U.S.C. § 3626."  *Islamic Palace of*

*Rising Sun v. Johnson*, 191 F.3d 452, 1999 WL 775801 at *1 (6th Cir. Sept. 24, 1999) (unpublished

disposition).    The Sixth Circuit affirmed "the district court's judgment terminating the consent

judgment".  *Id*.

"Melanics" is both a religion and a security threat group within the MDOC:

In January 2000, the MDOC classified the Melanics as a security threat
group (STG).  *Johnson v. Martin* [*Johnson I*], 223 F. Supp. 2d 820, 823 (W.D.
Mich. 2002). That classification followed a riot at URF involving a number of
Melanic inmates. *Johnson v. Martin* [*Johnson II*], No. 2:00-cv 75, 2005 WL
3312566, at *6 (W.D. Mich. Dec. 7, 2005).

The *Johnson* Plaintiffs raised several constitutional challenges to the
MDOC's actions, including violation of the First Amendment Free Exercise Clause,
violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA),
violation of the Fourteenth Amendment Due Process Clause, and violation of the
Fourteenth Amendment Equal Protection Clause.

The Johnson Plaintiffs challenged the classification of the Melanics as an
STG, the ban of Melanic group worship, the confiscation of Melanic written
materials and symbols, and a ban of Melanic written materials. . . .

The Court found that the Melanics espoused violence and racism and
created a hierarchical structure that was different than, and potentially contrary to,
the MDOC hierarchical structure. The Court rejected the Melanics' claims
regarding the designation of the group as an STG and denied the claim that
confiscation of Melanic materials as contraband violated the group members' First
Amendment right to freely exercise their religion; however, the Court concluded
that under the RLUIPA, the MDOC could not simply ban all Melanic Literature.
The Court held that the MDOC would have to review the materials to determine
whether they were a threat to the safety and security of the prison. *Johnson v.*
*Martin* [*Johnson IV*], No. 2:00-cv-75, 2006 WL 223108, at *2 (W.D. Mich. Jan.
30, 2006) ("So long as Defendants are making a good faith determination when

2

they screen Melanic Literature to assure only prohibited materials are prevented entry into MDOC institutions, they are obedient to the Court's Ruling.").

*Edwards v. Washington*, No. 1:20-cv-908, 2020 WL 6792373 at *1-2 (W.D. Mich. Nov. 19, 2020) (footnotes omitted).

## II.    Perry's complaint

Perry sets forth the following allegations in his complaint.  The Melanic faith requires individuals to fast for the last ten days of Ramadan.  Compl. (ECF No. 1, PageID.5).  On March 29, 2022, Chaplain Curtis told Perry that he would be denied fasting meals during those last ten days.  *Id*.  Special Activities Director Dirschell subsequently changed Perry's religion to "No Preference," and Curtis, FSD Ward, and food service employee Welty denied him meals during Ramadan.  *Id*.  Curtis told Perry that he had to purchase his own meals because the MDOC did not offer a meal program for his religion.  *Id*. Perry responded that he could not afford to pay for his own meals.  *Id*.

On April 7, 2022, Welty removed Perry's name from the list of those participating in the fast.  *Id*.  When asked, "who made the decision he could not receive a meal?", Welty stated "Curtis, Ward and somebody from Lansing."  *Id*. at PageID.6.  "The unknown MDOC Lansing official is MDOC Special Activities Director, Adrian Dirschell."  *Id*.  Perry set out three claims.

First, Perry contends that defendants violated the Free Exercise and Establishment Clause.  On April 21, 2022, Perry tried to resolve the issue with FSD Ward, with Perry advising Ward that "Melanic is a religion and the Fast of I'tikaf would begin on Mel-Tauba (April) 23, 2022" and that it was protected by the First Amendment and RLUIPA.  *Id*.  Ward told Perry that there was nothing he could do and to talk to Chaplain Curtis.  *Id*.  Plaintiff responded that he already had talked to Curtis, was told to purchase his own meals, but could not do so because of his "STG restrictions."  *Id*.  Ward again said that there was nothing he could do and suggested that

3

Perry "renounce Melanic and change his religion." *Id*.  Perry alleged that he went without meals

provided by the MDOC for ten days, and when he did find food he was forced to break his fast

early "while experiencing hunger pains and weight loss." *Id*. at PageID.6-7.  Perry reiterated that

his dispute involves four individuals at MCF,

> This determination was initiated by defendant Curtis, MCF Chaplain and
> carried out by defendant Ward, MCF Food Service Director and defendant Welty,
> MCF Food Service E9.  The Final determination was made by defendant Curtis and
> defendant Adrian Dirschell, MDOC Special Activities Director.

*Id*. at PageID.7.

Second, Perry contends that defendants violated the Equal Protection Clause,

alleging that, "because the Nation of Islam, Moorish Americans and Sunni Al-Islam were granted

recognition by MDOC they are allowed to receive the exact same meal plaintiff was being denied

during the Holy month of Ramadan." *Id*.

Third, Perry contends that defendants violated RLUIPA, alleging that,

> 15. Defendant Curtis, Ward, and Welty informed plaintiff he would not receive a
> meal during Ramadan because Melanic were not a religion.  Plaintiff was told to
> renounce or observe on his own and purchase food from the prisoner store.  The
> defendants are following MDOC policy which states in order for an inmate to be
> removed from STG status they must first sign renunciation form. See MDOC
> Policy, 04.04.113(FF).
>
> 16. As a result of plaintiff's religious STG designation, plaintiff is not allowed to
> work, possess any Melanic Islam religious materials, communicate with any
> Melanic Islamic practitioners whether free or incarcerated, nor participate in any
> Melanic Islamic daily rituals and activities such as mental, physical and spiritual
> awareness classes, observation of the Melanic Day of Remembrance, observation
> of the Codex of Radehood, observation of the Holy Congregational Prayer Day on
> Al-Jumma O'Day (Friday), observation of the Holy Sabbath Day on Fu-Qua O'Day
> (Saturday) or fasting during the last ten days of the Arabic month of Ramadan
> known as the Melanie Fast of I'tikaf.  Although these activities are central to
> Melanie practices and beliefs, these activities are considered engaging in STG
> behavior.
>
> 17. Defendants Curtis, Welty and Ward were informed plaintiff depends on the
> meals provided by MDOC during Ramadan and could not afford to purchase meals

4

due to STG policy and MDOC rules: a) Plaintiff is unemployable.  See MDOC Policy 04.04.113(BB)(10).  Any money received from plaintiff's family are gifts that are not definite and could stop at any time during the Fast of I'tikaf or any other Melanic Islamic Fast due to financial hardships; b) Plaintiff is not allowed to have family purchase food from Friends & Family Package.  See MDOC Policy 04.04.113(BB)(6); and c) Plaintiff is not allowed to remove food from MDOC chow hall.  It is a violation of MDOC Rules. See MDOC MCF Prisoner Guide Book, Dining Room Rules, (14) and (15).

18. Fasting is essential to plaintiff's religious beliefs. Defendants actions forced plaintiff to violate his religious practice by violating MDOC rules during a time the Holy Qu'ran was sent down to mankind as a guide between right and wrong.

19. Plaintiff was forced to modify his behavior and display conduct unbecoming of a Melanie Muslim and forced plaintiff to ask fellow inmates to violate MDOC rules by removing food from the chow hall. In addition, when able, plaintiff was forced to break his religious fast early with the food given to him or take the risk of food spoiling becoming unable to consume or have it confiscated by MDOC staff and receive a misconduct.

20. Defendants actions have placed a substantial burden on plaintiff's practices, beliefs and rehabilitative requirements. The defendants actions are not in furtherance of any compelling governmental interest because neither plaintiff nor religious Melanic Fast of I'tikaf can be attributed to any acts of violence or disturbances within the MDOC. Moreover, hundreds of MDOC incarcerated Muslims receive meals for the entire thirty-days whereas plaintiff's religion only requires fasting the last ten days.

PageID.7-9.

For his relief, Perry asks for a declaratory judgment stating that defendants and the MDOC: violated his religious Free Exercise Rights; violated his religious rights to Equal Protection; violated the Establishment Clause preferring other Islamic faith, practices and beliefs over plaintiff's faith, practices and beliefs; and, placed a substantial burden on him to practice his religion while confined in MDOC which violated his rights protected by RLUIPA.  *Id*. at PageID.12.

Perry also asks for a permanent injunction against defendants and the MDOC: to remove the STG designation from him; to remove the STG designation from the Melanic religion;

to allow him to receive a meal when fasting the last ten days during the month of Ramadan; to allow him to receive a meal after the 24-hour fast when observing the Annual Day of Remembrance; to allow him to observe the "Codex of Radhood" and receive a meal when observing the six month fast.  *Id*. at PageID.12-13.

### III.    Motion to dismiss

### A.    Legal Standard

Defendants seek to dismiss the counts against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### B.    Discussion

This Court has screened the complaint and concluded that it stated a plausible cause of action:

> This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the

case for any purpose other than mediation. (ECF No. 6.) The case was not resolved through the early mediation program. (ECF No. 11.).

*See* Order lifting stay and for service (ECF No. 12). The Court also ordered that the United States Marshals Service serve the complaint. *Id*.

The Case Management Order (CMO) also recognizes that the Court screened Perry's complaint and found that he has alleged a plausible claim for relief:

> (a) Rule 12(b)(6) Motions. The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief. Upon initial review, the Court concludes that the complaint is not subject to dismissal for any of the reasons listed above. In reaching this conclusion, the court has determined that the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court discourages the filing of motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

CMO at §2(a) (ECF No. 15, PageID.60).

As discussed, *supra*, the Melanics are both a religion and a security threat group within the MDOC. Perry has alleged plausible claims related to worship and fasting which are applicable to a religion.   Whether his claims are precluded because he is acting as a member of a security threat group which espouses violence and racism is a factual question.   Next, plaintiff filed this lawsuit on August 11, 2022.   This case has been pending for nearly two years. Defendants' motion to dismiss is essentially asking the Court to re-screen the complaint and dismiss it.  The Court should not further delay the case to address a motion to dismiss which raises a pleading issue that the Court resolved on initial screening.  *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, defendants' motion to dismiss should be denied.

## IV.    Motion to amend

After filing his response to defendants' motion to dismiss, plaintiff served his motion to amend the complaint to add six MDOC officials as defendants: Unknown Bush (CFA Deputy Director, MDOC); Larry Brown (EMS STG Coordinator, MDOC); Vent Travelbee (EMS STG Coordinator, MDOC); Heidi Washington, Director, MDOC); "Unknown Chaplain Advisory Council"); Unknown McKee (CFA Deputy Director, MDOC).[2]

These six new defendants were not involved in Perry's meal dispute at MCF. Rather, Perry wants to sue these new defendants for creating, enforcing, and failing to re-evaluate the STG policy which he claims creates a burden on his religious practice:

16. Defendants Curtis, Ward and Welty informed plaintiff he would not receive a meal during Ramadan because Melanics were not a religion. Plaintiff was told to renounce or observe on his own and purchase food from the prisoner store. The defendants are following MDOC policy created by defendant Washington and enforced by defendants Bush and McKee and carried out by defendants Brown and Travelbee, which states, in order for an inmate to be removed from STG status they must sign a renunciation of affiliation form. See MDOC policy 04.04.113(FF). For many years limitations has remained on Melanic Islam. Defendants Washington, Bush, McKee, Dirschell, Travelbee, Brown and the CAC has repeatedly failed to conduct the mandatory reevaluation pursuant to MDOC policy 05.03.l50(V), to have the limitations removed and fully restore the religious rights. Their failure to do so has placed a substantial burden on plaintiff ' s religious exercise, including but not limited to plaintiff's right to fast and receive a meal during Ramadan. . . .

21. Defendants Curtis, Ward, Welty and Dirschell actions and defendants Washington, Bush, McKee, Brown, Travelbee and the CAC policy has placed a substantial burden on plaintiff practices, beliefs and rehabilitative requirements. The defendants actions are not in furtherance of any compelling governmental interest because neither plaintiff nor Melanic fast of I'tikaf can be attributed to any acts of violence or prison disturbances within MDOC. Moreover, MDOC has a meal program for incarcerated Muslims and thousands of MDOC incarcerated Muslims receive meals for the entire thirty-days, whereas, plaintiff's religion requires only fasting the last ten days during the holy month of Ramadan.

---

[2] Perry served his motion for leave to file an amended complaint on November 17, 2023. *See* Proof of Service (ECF No. 29).

Proposed Amend. Compl. (ECF No. 28-1, PageID.177-179.

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the court's leave and that "[t]he court should freely give leave when justice so requires." Here, Perry's lawsuit involves a dispute with defendants Curtis, Ward, Welty and Dirschell about meals being served at MCF in March and April 2022. Perry's complaint has been screened, the defendants served, and a CMO issued. Justice does not require the Court to allow Perry to expand this lawsuit to add six new MDOC defendants who were not involved with his dispute at MCF.

Furthermore, Perry did not file a supporting brief as required by W.D. Mich. LCivR 7.1(a) which states that written motions "shall be accompanied by a supporting brief" and "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." For all of these reasons, Perry's motion for leave to amend the complaint (ECF No. 28) should be denied.

## V.    Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 17) and Perry's motion for leave to amend the complaint (ECF No. 28) be **DENIED**.

.

Dated: July 25, 2024                          /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).