UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMOND PERRY,

    Plaintiff,

v.

UNKNOWN CURTIS, et al.,

    Defendants.
_____/

Case No. 1:22-cv-729

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 concerning fasting meals during the month of Ramadan.  The parties filed cross-motions for summary judgment on Plaintiff's constitutional claims and claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion, deny Plaintiff's motion, and terminate this case.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed a response.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

    Plaintiff makes six objections to the Report and Recommendation.  First, Plaintiff argues that the Magistrate Judge failed to consider the affidavits and/or other evidence that he submitted

that he indicates would have created a genuine issue of material fact precluding summary judgment in Defendants' favor (Pl. Obj., ECF No. 65 at PageID.508–509).  However, as Defendants point out, the defects that the Magistrate Judge identified would not be cured by affidavits (ECF No. 67 at PageID.519–520).  *See* R&R, ECF No. 63 at PageID.499 (determining that Plaintiff could not obtain injunctive relief against Defendants in their personal capacity), *id.* at PageID.502–504 (determining that Plaintiff did not first seek relief through the proper channels of the MDOC and did not sue defendants with authority to grant the requested relief).  Therefore, Plaintiff's argument fails to demonstrate any error in the Magistrate Judge's analysis or conclusion, and his objection is properly denied.

Second, Plaintiff argues that the Magistrate Judge misapplied the relevant legal standards and failed to properly analyze Defendants' burden to demonstrate a compelling governmental interest (Pl. Obj., ECF No. 65 at PageID.509–510).  However, as Defendants point out, the Court is not required to consider a compelling governmental interest until a plaintiff first meets his evidentiary burdens (ECF No. 67 at PageID.520, citing *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019) (describing the "three-act play").  *See also Ali v. Adamson*, 132 F.4th 924, 934 (6th Cir. 2025) ("To obtain relief, an inmate must show that he has a 'sincerely held religious belief' and that the government "substantially burdened [his] exercise of religion.'  Only then may the prisoner insist that the State satisfy a 'daunting compelling-interest and least-restrictive-means test.'") (quoting *Holt v. Hobbs*, 574 U.S. 352, 361 (2015), and *Cavin, supra*).  Therefore, this argument also fails to demonstrate any error in the Magistrate Judge's analysis or conclusion.

Third, Plaintiff argues that the Magistrate Judge "did not adequately consider the substantial burden on Plaintiff's religious exercise and the unequal treatment compared to other religious groups" (Pl. Obj., ECF No. 65 at PageID.510).  Plaintiff's argument demonstrates only

2

his disagreement with the result reached by the Magistrate Judge, not any factual or legal error by the Magistrate Judge. This objection is properly denied.

Fourth, Plaintiff asserts that the Magistrate Judge improperly "raised a penological interest defense and argument on behalf of the defendants" (Pl. Obj., ECF No. 65 at PageID.511). Again, as Defendants point out, Plaintiff's assertion is misplaced inasmuch as the Court is not required to consider a compelling governmental interest until a plaintiff first meets his evidentiary burdens (ECF No. 67 at PageID.521). Therefore, Plaintiff's objection is properly denied.

Fifth, Plaintiff makes general assertions about the MDOC's recognition of Melanic Islam (Pl. Obj., ECF No. 65 at PageID.511–512). Contrary to the requirement of this District's local rules, Plaintiff makes no reference to—let alone identifies any error in—the Report and Recommendation. See W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Consequently, this "objection" is properly denied.

Last, Plaintiff similarly makes general assertions about his classification (Pl. Obj., ECF No. 65 at PageID.512–513). Plaintiff makes no reference to—let alone identifies any error in— the Report and Recommendation. Consequently, this "objection" is also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. See FED. R. CIV. P. 58. Pursuant to 28 U.S.C. § 1915(a)(3), the Court declines to certify that an appeal of this decision would not be taken in good faith. See McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 65) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 63) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 41) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 43) is DENIED.

Dated:  August 29, 2025	/s/ Jane M. Beckering
	JANE M. BECKERING
	United States District Judge